948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anton TITTJUNG, Defendant-Appellant.
 No. 91-1352.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1991.*
Decided Nov. 14, 1991.
Rehearing Denied Jan. 8, 1992.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The government brought this action pursuant to section 340(a) of the Immigration and Nationality Act, 8 U.S.C. § 1451(a), to revoke the citizenship of Anton Tittjung, to set aside a 1974 order admitting Tittjung to citizenship, and to cancel his certificate of naturalization. The government alleged that Tittjung was in the Waffen-SS Totenkopf Sturmbann ("Death's Head Battalion") and served as an armed guard at a Nazi concentration camp--activity which precluded naturalization. Therefore Tittjung procured his American citizenship illegally. In a bench trial, to support its allegation, the government introduced into evidence a Nazi SS-prepared roster seized by the United States Army in 1945 which had previously been contained in a report admitted into evidence at the Nurnberg war crimes trials. The roster was dated July 26, 1944, and listed the guards stationed at the Gross Raming subcamp of the Mauthausen concentration camp. Entry 100 of the roster bore Tittjung's name, his rank, his date of birth and his parents' address.
 
 
 2
 The district court concluded that clear and convincing evidence established Tittjung's service as an armed concentration camp guard. See Fedorenko v. United States, 449 U.S. 490, 505 (1981). The district court based its conclusion on the guard roster itself, which it found to be reliable, as well as on the unrebutted expert testimony of Dr. Charles Sydnor, Jr. that the roster was authentic and listed only guards at Gross Raming.
 
 
 3
 Tittjung's sole argument on appeal is that the Gross Raming guard roster was hearsay and inadmissible as substantive evidence. We reject this argument. The guard roster was an authentic document under Fed.R.Evid. 901 and 902, see United States v. Kairys, 782 F.2d 1374, 1379-80 (7th Cir.) (Nazi identification card was authentic document under Fed.R.Evid. 901(b)(8)), cert. denied, 476 U.S. 1153 (1986); United States v. Koziy, 728 F.2d 1314, 1322 (11th Cir.) (Ukrainian police forms were self-authenticating documents under Fed.R.Evid. 902(3)), cert. denied, 469 U.S. 835 (1984), whose contents were independently admissible into evidence as statements in an ancient document, the roster having been in existence for more than twenty years, Fed.R.Evid. 803(16); see Koziy, 728 F.2d at 1322 (upholding admissibility of Ukrainian police forms under ancient document exception to hearsay rule).
 
 
 4
 Tittjung has failed to show that the district court erred in admitting the Gross Raming guard roster or in finding Tittjung served as an Nazi concentration camp guard. The judgment that Tittjung's citizenship was illegally procured is accordingly
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Tittjung has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record